FILED
SUPERIOR COURT
OF GUAM

2023 NOV -3 PM 5: 19

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>BENNY QUINTANILLA CRUZ,<br><br>Deceased. | PROBATE CASE NO. PR0110-23<br><br>**DECISION AND ORDER**<br>*Re: Petition for Determination and Confirmation of Community Property Passing to Surviving Spouse* |

This matter came before the Honorable Arthur R. Barcinas on September 5, 2023, on a Petition for Determination and Confirmation of Community Property Passing to Surviving Spouse, filed by Petitioner Rose Mary Patao Cruz ("Petitioner") on June 23, 2023. Present at the hearing was Petitioner's counsel Attorney Catherine B. Camacho. Upon hearing Petitioner's arguments, the Court took the matter under advisement.

### BACKGROUND

Decedent Benny Quintanilla Cruz ("Decedent") died intestate in Tamuning, Guam on July 3, 2022. Decedent and Petitioner were married in Agat, Guam on August 6, 1977, and had no children at the time of Decedent's death. After the marriage, Decedent purchased the following property, Lot No. 12-1, Tract No. 2541, Santa Rita, Guam (the "Property") on April 11, 1984. The Property is registered only in Decedent's name, but Petitioner maintains that she also contributed to the purchase.

Petitioner further maintains that the Property is community property because it was acquired during the marriage and because both parties were jointly obligated to pay the debts on the property during the marriage. No legal proceedings were ever instituted to terminate the marriage or determine the rights of the parties with respect to the Property.

On June 23, 2023, Petitioner filed the instant Petition, requesting that the property be confirmed as passing to Petitioner without further administration, pursuant to 15 GCA § 1005.

## DISCUSSION

Pursuant to 15 GCA § 1005(a), "when a married person dies intestate, or dies testate and by valid will leaves all of his interest in the community property to the surviving spouse, such interest passes to the surviving spouse subject to the provisions of Sections 1007 and 1009 of [GCA Title 15], and no administration thereon shall be necessary." 15 GCA § 1007 states that, after ninety (90) calendar days from the death of a married person, the surviving spouse shall have full power to sell, lease, mortgage, or otherwise deal with and dispose of community real property, unless a notice is recorded in the Guam Department of Land Management ("DLM") that an interest in the property is claimed by another under the will of the deceased spouse. 15 GCA § 1009 states that, upon the death of a married person, the surviving spouse is personally liable for the debts of the deceased spouse chargeable against the community property, unless the surviving spouse elects for administration of the surviving spouse's interest in the community property. *Id.* §§1009(a); 1005(b).

Community property means property acquired by either spouse during marriage which is not separate property. 19 GCA § 6101(b). Property acquired during marriage by either husband or wife, or both, is presumed to be community property. 19 GCA § 6105(a). A presumption of

separate property during marriage is properly applicable only to "property or any interest therein acquired during marriage by a woman by an instrument in writing, in her name alone, or in her name and the name of another person not her husband, ... if the instrument in writing was delivered and accepted prior to July 1, 1980." *Id.* § 6105(b).

Despite Petitioner's name not being on the Property deed, pursuant to 19 GCA § 6105(a), the Court must presume the Property to be community property regardless of whether it was purchased by both spouses, or by Decedent alone.

There being no facts on the record to indicate otherwise, the Court finds that Decedent's interest in the Property may pass to Petitioner without further administration pursuant to 15 GCA § 1005, subject to the above provisions of 15 GCA §§ 1007 and 1009.

## CONCLUSION

Based on the foregoing, he Court hereby **GRANTS** the above-captioned Petition, and **ORDERS** that Decedent's interest in the Property pass to Petitioner without further administration.

**IT IS SO ORDERED** ___NOV 0 3 2023___.


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**